[Civ. No. 16639. Third Dist. Aug. 30, 1977.]

CONCERNED CITIZENS OF MURPHYS et al.,
Plaintiffs and Appellants, v.
NADINE JACKSON, as Clerk, etc., et al.,
Defendants and Respondents;
JOHN W. MODRELL, Real Party in Interest and Respondent.

**COUNSEL**

Neumiller & Beardslee and Arthur Cofod for Plaintiffs and Appellants.

Richard A. Robyn, County Counsel, for Defendants and Respondents.

No appearance for Real Party in Interest and Respondent.

**OPINION**

**EVANS, J.**—The sole question at issue is whether a county may, by ordinance, restrict the right of appeal from a decision of the planning commission to dissatisfied applicants.

In April 1976, the Planning Commission of Calaveras County held a regularly noticed hearing upon an application for a conditional use

permit to construct an aggregate and mineral recovery plant. The permit was granted over the objection of the plaintiffs in this action. Within the allowable time, plaintiffs[1] prepared and submitted a notice of appeal addressed to the board of supervisors.[2]

The clerk of the board would not accept the appeal for filing, citing as authority for that refusal section 26(d) of Calaveras County Zoning Ordinance No. 250. That section provides in part, "In case the applicant is not satisfied with the action of the Planning Commission he may within ten (10) days appeal in writing to the Board of Supervisors. . . ."

Following the clerk's refusal to accept for filing the notice of appeal, plaintiffs filed a petition for writ of mandate (Code Civ. Proc., §§ 1085, 1094.5) and a complaint for declaratory relief (Code Civ. Proc., § 1060). The trial court summarized its reasons for refusing the requested relief as follows: "Although petitioner argues to the contrary, the court can find no statutory or case authority for the proposition that the County is required to provide the right of appeal to interested or aggrieved parties other than the property owner. True, appeals must be heard, but this requirement doesn't give the right to appeal to one who is otherwise denied this privilege."

The authority for each county and city to enact zoning laws is derived from the "Planning and Zoning Law," Government Code section 65000 et seq. (Unless otherwise noted, all code references herein will be to the Government Code.) In order to resolve the question presented we examine those sections of the "Planning and Zoning Law" which bear upon the hearing and appeal process in planning, zoning and use permit proceedings. We do so in order to harmonize all provisions of the planning law and give them effect in pursuance of the legislative purpose. (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672]; *People* v. *Western Air Lines, Inc.* (1954) 42 Cal.2d 621, 638 [268 P.2d 723].)

---

[1]Plaintiffs, Bruce and Judith Cunningham, Robert and Gabi Lapachet, Nyren and Mary Peters, Raymond and Mary Brown, and Edward and Marilyn Hartman, are all owners of real property located in Calaveras County and within 700 yards of the proposed project. Plaintiff Georgia Everson owns and resides upon property adjoining the proposed project.

[2]Calaveras County has not established a board of appeals as authorized by Government Code sections 65903 and 65904, and the board of supervisors exercises functions reserved to an appellate board.

Section 65100 directs that the legislative body of each county and city establish a planning agency; in doing so, the legislative body may designate itself, a planning department, a planning commission, or a combination of them as that agency. Each county and city is also permitted to adopt zoning laws, rules, and regulations as well as general plans for the orderly development of property in each jurisdiction. (Gov. Code, § 65800.)

In connection with any proceeding taken pursuant to local zoning regulations, a board of appeals or the local legislative body is authorized by sections 65903 and 65904 to hear appeals from planning decisions of the local agency. Section 65903 directs that each jurisdiction establish procedures for such appeals. Calaveras County, in carrying out that mandate, adopted section 26(d), *supra*. That section of the ordinance restricts the right to appeal a decision of the planning commission to a dissatisfied applicant only. In support of the validity of the appeal provision, Calaveras argues that the power to limit the right of appeal is derived from legislative action taken in 1965 repealing section 65856. Prior to 1965, that section provided a right to appeal a decision relating to the issuance of a use permit to "any person aggrieved." In 1965, that section was repealed, and the specification, "any person aggrieved" was not retained in the "Planning and Zoning Law." Calaveras asserts this deletion as a clear legislative intent to permit a restriction of the right of appeal in a use permit proceeding to the applicant only.

In further support of their contention, Calaveras cites us to *Plum v. City of Healdsburg* (1965) 237 Cal.App.2d 308, 316 [46 Cal.Rptr. 827]. The court there in considering a similar ordinance stated, "It thus appears that where the Commission authorizes a zoning permit its decision in favor of the applicant is, under the terms of the ordinance, not subject to review by the Council. It is *only* when the applicant is not satisfied with the decision of the Commission that he may appeal to the Council." (Italics in original.) However, we note that in *Plum,* the restrictive appeal provision was not challenged. The court was called upon to determine whether the action of the commission was in conformity with the substance of the ordinance so that a writ of mandate could issue directing the building inspector to issue the requested building permit.

Additionally, it must be observed that *Plum* was decided prior to the adoption of sections 65030 and 65033 in 1976. Section 65030 states, "The Legislature finds and declares that California's land is an exhaustible

resource, not just a commodity, and is essential to the economy, environment and general well-being of the people of California. It is the policy of the state and the intent of the Legislature to protect California's land resource, to insure its preservation and use in ways which are economically and socially desirable in an attempt to improve the quality of life in California." That section was adopted following the repeal of section 65012 expressing the prior legislative intent. That section stated, "It is the intent of the Legislature to provide a method for encouraging the formation and proper functioning of local and regional planning commissions and to encourage, through discussion, research, and agreement between state agencies and between state agencies and the local and regional planning commissions involved, the coordination of state projects and improvements with regional and local master plans to the end that the physical development of the State will proceed in an orderly fashion. It is not the intent of the Legislature to vest in any state department, or the director thereof, any regulatory powers concerning planning."

In section 65033, also adopted in 1976, the Legislature expressed a recognition of the importance of public participation in planning hearings. That section provides, "The Legislature recognizes the importance of public participation *at every level* of the planning process. It is therefore the policy of the state and the intent of the Legislature that each state, regional, and local agency concerned in the planning process involve the public through public hearings, informative meetings, publicity and other means available to them, and that at such hearings and other public forums, the public be afforded the opportunity to respond to clearly defined alternative objectives, policies, and actions." (Italics ours.) ■ These sections express a clear legislative intent that planning agencies insure participation by the public in the planning process. They do not by any stretch of the imagination indicate a desire on the part of the Legislature that the right to participate in every phase of the planning process be restricted in any way.

Section 65854.5 also indicates that the Legislature intended to involve adjacent property owners in the entire planning process. That section provides that a "county or city planning commission shall give notice of the hearing by mail or delivery to all persons, including businesses, corporations or other public or private entities, shown on the last equalized assessment roll as owning real property within 300 feet of the property which is the subject of the proposed zoning change." Those owners are by the mandate of that section made a participant in the

planning process under consideration by the planning commission. Section 65905 establishes that notice of an application for a conditional use permit be given as required by section 65854.

The right of appeal from planning commission action on a conditional use permit is established by the provisions of sections 65903 and 65904. Section 65903 provides, "A board of appeals, if one has been created and established by local ordinance, shall hear and determine appeals from the decisions of the board of zoning adjustment or the zoning administrator, as the case may be. Procedures for such appeals shall be as provided by local ordinance. Such board may reverse or affirm, wholly or partly, or may modify the order, requirement, decision or determination appealed from, and may make such order, requirement, decision, or determination as should be made, and such action shall be final." Section 65904 dictates that in the absence of the creation of a board of appeals, the local legislative body, here the Board of Supervisors of Calaveras County, shall exercise all the functions and duties of the board of appeals.

■ The Legislature has delegated to the local legislative bodies the authority to establish the procedures for an appeal, not the power to restrict the right of appeal. The legislative intent in that regard has been stated to the contrary; it encourages the involvement of the public in the total planning process.

We perceive a dual expression of legislative intent to involve members of the community in every level of the planning process. The first is to directly involve the owners of the property situate within a radius of 300 feet of the property for which the conditional use permit application has been filed. Through that involvement, those owners are granted the right to participate in the hearing itself and that involvement inherently carries the right of appeal and such right of appeal may not be restricted by local ordinance. The second is to involve the general public "at every level" of the planning process. (Gov. Code, § 65033, *supra.*)

In the present instance, the individual plaintiffs are all property owners within the general community which might be affected by the proposed use of the property for which the conditional use permit was sought. One plaintiff owns property within 300 feet of the subject property and was given notice of the hearing assuring participation of that owner. Under these circumstances described and the relevant provisions of the "Planning and Zoning Law," as to the individually

named plaintiffs, the attempt by Calaveras County to restrict the right of appeal to the applicant only renders that provision (Calaveras County Zoning Ordinance No. 250, § 26(d)) invalid as an attempted restriction by local regulation of rights granted by the Legislature through the "Planning and Zoning Law."

Because these are individual plaintiffs with justiciable interests, it is unnecessary to determine whether Concerned Citizens of Murphys has standing to take an appeal.

Plaintiffs have attacked Calaveras County Zoning Ordinance No. 250, section 26(d), as unconstitutional under the equal protection provision of the federal and state Constitutions. This constitutional issue need not be reached inasmuch as our conclusion on the validity of section 26(d) is dispositive of the appeal. (*Palermo* v. *Stockton Theatres, Inc.* (1948) 32 Cal.2d 53, 65-66 [195 P.2d 1].)

The judgment denying the request for peremptory writ of mandate and dismissing plaintiffs' complaint for declaratory relief is reversed. The court is directed to issue a peremptory writ of mandate directing the clerk of the Board of Supervisors of the County of Calaveras to accept the appeal of the individual plaintiffs and to take such further proceedings as are consistent with this opinion.

Friedman, Acting P. J., and Reynoso, J., concurred.